IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Ruan Sexton, | ) | |
|     Plaintiff, | ) | Case No: 13 C 7761 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| Standard Insurance Company, | ) | |
|     Defendant. | ) | |

## ORDER

For the reasons stated below, Defendant's motion to dismiss Count II of the second amended complaint [27] is granted. Sexton is directed to file a copy of the second amended complaint as an independent docket entry.

## STATEMENT

Ruan Sexton filed a two-count second amended complaint seeking to recover disability benefits under an employee welfare benefit plan. Count I alleges a claim to recover disability benefits and prejudgment interest under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Count II alleges a claim for disgorgement of profits under §502(a)(3) of ERISA. Defendant moves to dismiss Count II. For the reasons stated below, the motion is granted.

In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

According to Defendant, § 502(a)(1)(B) is the exclusive remedy for the wrongful denial of benefits; therefore, Sexton's Count II, which seeks disgorgement of any investment profits earned by Defendant, should be dismissed. In *Varity v. Howe*, 516 U.S. 489 (1996), the Supreme Court held that § 502(a)(3) is a "catchall" provision that provides "a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Id.* at 512. The *Varity* Court stated that pursuant to § 502(a)(1)(B), "ERISA specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims." *Id.* at 512. Thus, Defendant contends, Count II, which seeks disgorgement of profits, is not "appropriate equitable relief" under § 502(a)(3). *Id.* at 515 ("[W]e should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'").

Numerous courts in this district agree that a plaintiff cannot pursue a claim under § 502(a)(3) if a claim for benefits is available under § 502(a)(1)(B). *See, e.g., Nemitz v. Metro. Life Ins. Co.*, No. 12 C 8039, 2013 WL 3944292, at **3-4 (N.D. Ill. July 31, 2013) (stating that "where § 502(a)(1)(B) provides adequate relief, identical relief is not available under § 502(a)(3)" and noting that "the majority of circuits" and "courts in this district have nearly uniformly adopted this rule") (citing cases); *Krase v. Life Ins. Co. of N. Am.*, No. 11 C 7659, 2012 WL 4483506, at *3 (N.D. Ill. Sept. 27, 2012) (dismissing § 502(a)(3) claim because relief was available to plaintiff under § 502(a)(1)(B) and noting that "judges in this District have consistently dismissed claims for 'equitable relief' under subsection (a)(3) where relief is available under subsection (a)(1)(B) for denial of benefits"). Indeed, in *Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781 (7th Cir. 2009),

the Seventh Circuit, while not deciding the issue, stated that "a majority of the circuits are of the view that if relief is available to a plan participant under subsection (a)(1)(B), then that relief is unavailable under subsection (a)(3)." *Id*. at 805. The Court further notes that the Sixth Circuit recently granted rehearing *en banc* and vacated a panel opinion upholding the district court's award of disgorged profits of $3.8 million under § 502(a)(3). *Rochow v. Life Ins. Co. of N. Am.*, 737 F.3d 415 (6th Cir. 2013), *reh'g granted and opinion vacated*.[1] The dissenting judge in *Rochow* asserted that "[t]he majority has taken an unprecedented and extraordinary step to expand the scope of ERISA coverage" and that "[t]he disgorgement of profits undermines ERISA's remedial scheme and grants the plaintiff an astonishing $3,797,867.92 windfall under the catchall provision in § 502(a)(3)." *Id*. at 431.

Contrary to Sexton's assertion, the Supreme Court's decision in *Cigna Corp. v. Amara*, — U.S. —, 131 S. Ct. 1866 (2011), did not alter this legal landscape. *Nemitz*, 2013 WL 3944292, at *4 (stating that *Amara* did not change the conclusion that a plaintiff cannot sue under § 502(a)(3) if she has a claim for denial of benefits under § 502(a)(1)(B) because "*Amara* simply held that a plaintiff may seek monetary relief under § 502(a)(3) where relief is not available under a separate section of ERISA").

Moreover, Sexton's attempt to characterize the disgorgement of profits in this case as an equitable remedy separate and distinct from the remedy available under § 502(a)(1)(B) is unavailing. As noted above, "ERISA specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims." *Varity*, 516 U.S. at 512.

---

[1] According to Sexton, the matter is set to be heard *en banc* on June 18, 2014. (Pl.'s Resp., Dkt. # 33, at 1.)

Because § 502(a)(1)(B) provides Sexton with her remedy, the Court discerns no basis for allowing her to proceed with Count II.

Defendant's motion to dismiss Count II [27] is granted for the reasons stated above.

**Date**: April 30, 2014

*Ronald A. Guzmán*

**Ronald A. Guzmán**
**United States District Judge**